**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**

**GRAYBAR ELECTRIC COMPANY, INC.**　　　　　　　　　　　　**PLAINTIFF**

**v.**　　　　　　　　　　　　　　　　**CIVIL ACTION NO. 1:23-cv-366TBM-RPM**

**CALGON CARBON CORPORATION**　　　　　　　　　　　　　　　**DEFENDANT**

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT'S MOTION TO DISMISS COMPLAINT**

Defendant, Calgon Carbon Corporation ("Calgon Carbon"), submits this Memorandum of Law in support of its Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

**I.    INTRODUCTION**

This case arises out of a private construction Project in Hancock County, Mississippi (the "Project"). As alleged in the Complaint, Calgon Carbon, the owner of the Project, contracted with O'Neal Constructors, LLC ("O'Neal") as the general contractor on the Project. O'Neal in turn contracted with Plaintiff Graybar Electric Company, Inc. ("Graybar") to provide materials for the Project. Graybar alleges in its Complaint that it has not been paid in full by O'Neal and seeks to enforce a construction lien against the Project.

This case is Graybar's second flawed attempt to enforce a lien against the Project. Graybar filed a prior case against Calgon Carbon, O'Neal and others, captioned *Graybar Electric Company v. Calgon Carbon Corporation, et al.*, Civil Action No. 1:23-cv-00269-HSO-BWR ("*Graybar I*") but dismissed its claims against Calgon Carbon after Calgon Carbon filed a Motion to Dismiss. As was the case in *Graybar I*, Graybar's Complaint in this case fails as a matter of law because Graybar does not have a valid lien against the Project under Mississippi law.

1

Although Graybar's conversational Complaint seeks to muddy the waters, the undisputed facts show that the lien that Graybar seeks to enforce is invalid. Graybar first filed a lien against the Project on March 21, 2023 (the "Original Lien"). That lien was discharged by a bond filed by O'Neal's bonding company, Liberty Mutual Insurance Company ("Liberty Mutual"), on June 6, 2023. Graybar then filed an Amended Lien on June 27, 2023 (the "First Amended Lien"), seeking to amend the Original Lien after it had been discharged. Finally, Graybar filed another Amended Lien on December 13, 2023 (the "Second Amended Lien"), seeking to amend the First Amended Lien.

The end result of all of this is that Graybar is seeking to enforce a Second Amended Lien when the Complaint makes clear that the Original Lien had been discharged before Graybar filed the First or Second Amended Lien. In other words, there was no valid lien on file for Graybar to amend when it filed its First Amended Lien. As a result, the Second Amended Lien that Graybar seeks to enforce likewise amends nothing and is void and unenforceable under Mississippi law. For these reasons, Graybar's Complaint should be dismissed.

## II.     FACTS ALLEGED IN COMPLAINT[1]

### A.     Graybar's contract with O'Neal

Calgon Carbon entered into a contract with O'Neal Constructors, LLC ("O'Neal") for work on the Project on property owned by Calgon Carbon in Hancock County, Mississippi. *See* Complaint ("Compl.") at ¶ 5.  O'Neal then allegedly entered into an agreement with Graybar "to provide materials to be used and incorporated on the Project." *Id.* at ¶ 6, Exh. A. Graybar alleges that as of March 21, 2023, O'Neal owed Graybar $578,369.72. At that time Graybar was still providing materials for and working on the Project. *Id.* at ¶¶ 9, 11.

---

[1] For the purposes of its Motion only, Calgon Carbon accepts as true the facts alleged in the Complaint.

### B.     Graybar's Original Lien That O'Neal Bonded

On March 21, 2023, Graybar filed a Notice of Claim of Special Lien against the Project in the amount of $578,369.72 pursuant to Miss. Code Ann. § 85-7-405 (the "Original Lien"). *Id.* at ¶¶ 10-12. On June 6, 2023, O'Neal and its surety Liberty Mutual filed a "Bond to Discharge and Release Lien on Real Property Pursuant to Mississippi Code Section 85-7-415" (hereinafter referred to as the "Lien Release Bond"). On June 6, 2023, the Lien Release Bond that Liberty Mutual had issued at O'Neal's request was recorded by O'Neal in the Deed of Trust Book of Hancock County, Mississippi. *Id.* at ¶ 15, Exh. C.

### C.     Graybar's First Amended Lien

On June 27, 2023, after the Original Lien had been bonded off, and purportedly pursuant to Miss. Code Ann. § 85-7-401, Graybar filed a "Notice of Amended Claim of Special Lien," amending the lien amount to $759,360.37 (the "First Amended Lien"). *Id.* at ¶ 17, Exh. E. At the time Graybar filed the First Amended Lien, the Original Lien that Graybar was attempting to amend had already been discharged by O'Neal's recording of the Lien Release Bond.[2]

### D.     The *Graybar I* Lawsuit

On September 14, 2023, Graybar filed its Complaint in *Graybar I* in the Circuit Court for Hancock County. Graybar's Complaint alleged claims against Calgon Carbon for: breach of contract (Count I), enforcement of construction lien (Count II) and bad faith, tortious breach of contract and punitive damages (Count IV). Count III alleged claims against O'Neal and Liberty Mutual. Graybar did not file a notice of *lis pendens* when it filed the Complaint, rendering its lien claims defective as a matter of Mississippi law. *See* Complaint at ¶ 32.

---

[2] While Graybar alleges that the Clerk of Hancock County never signed the Lien Release Bond (*see* Complaint at ¶ 18), that is a technical oversight that does not affect the fact that the Lien Release Bond discharged Graybar's Original Lien. Indeed, as Graybar pleads in its Complaint, both O'Neal and Liberty Mutual have admitted in *Graybar I* that the Lien Release Bond discharged the Original Lien. *Id.* at ¶ 35.

3

Calgon Carbon timely removed the *Graybar I* matter to this Court and filed a Motion to Dismiss on October 30, 2023. In its Motion to Dismiss, Calgon Carbon argued, *inter alia,* that Graybar's lien enforcement claim failed as a matter of law because the Original Lien had been discharged when Graybar filed the First Amended Lien that it sought to enforce. *Id.* at ¶ 32. Before Graybar filed a response to Calgon Carbon's Motion to Dismiss, it voluntarily dismissed its claims against Calgon Carbon in *Graybar I. Id.* at ¶ 33.

### E.   Graybar's Second Amended Lien

After dismissing its claims against Calgon Carbon, Graybar filed another Amended Lien on December 13, 2023 (the "Second Amended Lien"). The Second Amended Lien purports to amend the First Amended Lien and is in the amount of $180,990.65. *See* Complaint at ¶ 37, Exh. E. Graybar then brought this action seeking to enforce the Second Amended Lien. *See* Complaint at ¶¶ 43-44.

## III.   ARGUMENT

### A.   Applicable Legal Standards

In order to state a valid claim and survive a motion to dismiss, Graybar has the "obligation to provide the 'grounds' of [its] entitle[ment] to relief,'" which "requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007) (quoting Fed. R. Civ. P. 8(a)) (alteration in original). For the Complaint to survive a motion to dismiss, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

While courts are required to accept a complaint's factual allegations as true, they are not required to accept legal conclusions as true. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000); *see also Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir.

1994). "Taking the facts alleged in the complaint as true, if it appears certain that the plaintiff cannot prove any set of facts that would entitle it to the relief it seeks," dismissal is proper. *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005) (citing *C.C. Port, Ltd. v. Davis–Penn Mortgage Co.*, 61 F.3d 288, 289 (5th Cir.1995). Additionally, a court "may permissibly refer to matters of public record." *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). Finally, because jurisdiction in this Court is based on diversity of citizenship, Mississippi law applies to this case. *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012).

**B.** **Graybar's Complaint Should Be Dismissed Because Graybar's Second Amended Lien Is Invalid**

The Second Amended Lien that Graybar seeks to enforce in this case is invalid because it was filed in an attempt to amend a lien (the First Amended Lien) that itself was invalid.

Pursuant to Miss. Code. Ann. § 85-7-415, when an entity files a lien, the owner of the real estate or the contractor or subcontractor employed to improve the property may discharge the lien upon the approval of a bond conditioned to pay the holder of the lien the sum found to be due. Importantly, "so long as the bond exists, it shall constitute a lien [- in lieu of the special lien -] against the property described in the attached affidavit." Miss. Code. Ann. § 85-7-415 (emphasis added). Indeed, the intent of the lien discharge bond is to remove the lien from the property and have it attach instead to the bond. Construction liens—Discharge bonds, 3A MS Prac. Encyclopedia MS Law § 19A:51 (3d ed.); *Inland Empire Dry Wall Supply Co. v. W. Sur. Co. (Bond No. 58717161)*, 189 Wash. 2d 840, 845, 408 P.3d 691, 693–94 (2018) (Reasoning that a lien release bond serves two purposes: "First, the bond protects the property owner by removing the lien from the real property, thus providing the owner with clear marketable title. Second, the bond protects the lien claimant by taking the place of the property and serving as a form of substitute security should the lien claimant ultimately prevail.").

5

Here, O'Neal and its surety, Liberty Mutual, filed a Lien Release Bond on June 6, 2023. *See* Compl. at ¶ 16. As of that date, the Original Lien, which was filed on March 21, 2023, was discharged and no longer attached to Calgon Carbon's real property. Thus, when Graybar filed its First Amended Lien on June 27, 2023, the Original Lien that Graybar was attempting to amend had already been discharged by the Lien Release Bond and did not exist of record. Thus, there was no lien to "amend."

Similarly, Graybar's Second Amended Lien is invalid. The Second Amended Lien was filed as an amendment to the First Amended Lien. But the First Amended Lien itself was invalid for the reasons stated above.[3] A discharged or invalid lien cannot be revived by the filing of an amendment to that lien. Graybar's Second Amended Lien is, therefore, unenforceable.

It is well-settled that strict compliance with the statutory lien provisions is required in order to enforce a lien claim. *See, e.g.*, Miss. Code Ann. § 85-7-405(1) (Supp. 2020) ("[t]o make good a lien created in Section 85-7-403(1), it must be created and declared in accordance with the following provisions, and on failure of any of them the lien shall not be effective or enforceable ...."); *see also KD Oak Grove, LLC v. Warren & Warren Asphalt Paving, LLC*, 324 So. 3d 1134, 1136 (Miss. 2021) (Failure to file the notice of *lis pendens* when the action is filed renders a lien unenforceable and warrants a dismissal of related claims.). The Second Amended Lien filed by Graybar does not strictly comply with Mississippi law and its claim for enforcement of that lien must be dismissed.

---

[3] The Second Amended Lien would also fail as a matter of law if it were to be considered a new lien filing. The Second Amended Lien was filed on December 13, 2023, which is more than ninety (90) days after the last date of Graybar's work on the Project, which Graybar admits was May 31, 2023. *See* Complaint at Exh. E, p. 2.

## IV. CONCLUSION

For the foregoing reasons, Calgon Carbon respectfully requests the Court grant its Motion to Dismiss for failure to state a claim.

Respectfully submitted, this the 24th day of January, 2024.

>                   CALGON CARBON CORPORATION
>
>                   BY:   BALCH & BINGHAM LLP
>
>                   BY:   /s/ *R. Mark Alexander, Jr.*

R. MARK ALEXANDER, JR. (MS Bar No. 100748)
BALCH & BINGHAM LLP
1310 Twenty Fifth Avenue
Gulfport, MS 39501
Telephone: (228) 864-9900
Facsimile: (228) 864-8221
malexander@balch.com

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this day I electronically filed the foregoing pleading or other paper with the Clerk of the Court using the CM/ECF system, which sent a notification of such filing to all counsel of record.

This, the 24th day of January, 2024.

BY:   /s/ <u>*R. Mark Alexander, Jr.*          </u>